4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel MELVIN, Sr., Defendant-Appellant.
 No. 93-5117.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-92-222-D)
 James B. Craven, III, Durham, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel Melvin, Sr., appeals the career offender sentence imposed on him pursuant to guideline section 4B1.1* following his guilty plea to bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp. 1993). We affirm.
 
 
 2
 Melvin qualified as a career offender because he had prior convictions in North Carolina for assault on a female and common law robbery. Assault on a female is designated as a misdemeanor under North Carolina law, although the maximum prison term is more than a year. Over Melvin's objection, this offense was treated as a felony for federal sentencing purposes. See United States v. Raynor, 939 F.2d 191, 195 (4th Cir. 1991); U.S.S.G. Secs. 4B1.2, comment. (n.3), 4A1.2(o).
 
 
 3
 On appeal, Melvin argues that Raynor is in conflict with United States v. Thompson, 891 F.2d 507 (4th Cir. 1989), cert. denied, 495 U.S. 922 (1990), in that Thompson deferred to South Carolina's decision to make pistol-pointing a felony. He maintains that this Court should similarly respect North Carolina's decision to make his prior offense a misdemeanor. We find no conflict between Raynor and Thompson. Under the sentencing guidelines, deference is given to "a state's expression of morals and of policy represented by the severity that state accords to a particular offense." Thompson, 891 F.2d at 510. The deference is not to the label the state assigns to the offense, but to the severity of the sentence the state chooses to impose for the offense. Melvin was correctly classified as a career offender.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)